

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,640-01

### EX PARTE LISA ANN BROWN AKA PATRICIA SUZANNA MAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1307909-A IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of delivery of a controlled substance and sentenced to seven months imprisonment. The Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that her due process rights were violated because Gerald Goines, an officer with the Houston Police Department, who was the sole witness against her, was under investigation for falsifying evidence and had been relieved from duty. Applicant argues that the Court should infer that the officer's testimony was false based on his prior misconduct and that Applicant's due process rights were violated. This Court has recently decided that the factors

discussed in the *Coty*[1] case should apply to state actors such as police officers. *Ex parte Mathews*, ___ S.W.3d ___ WR-91,731-01 (Tex. Crim. App. Jan. 26, 2022).

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court may order depositions, interrogatories, or a hearing. It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant has established an inference of falsity as set out in this Court's opinion in *Coty*, and if so, whether it was material. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

---

[1] *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014).

by the trial court and obtained from this Court.

Filed: April 27, 2022
Do not publish